**Ambrocio Abundez HUERTA, Petitioner,**

v.

**Alberto GONZALES,\* Attorney General, Respondent.**

No. 03–74248.

Agency No. A79–536–650.

United States Court of Appeals, Ninth Circuit.

Submitted March 23, 2005.\*\*

Decided April 11, 2005.

Ambrocio Abundez Huerta, Bell, CA, pro se.

---

\* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Linda S. Wendtland, Esq., Shelley R. Goad, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

■

Before B. FLETCHER, TROTT and SILVERMAN, Circuit Judges.

MEMORANDUM \*\*\*

Ambrocio Abundez Huerta, a native and citizen of Mexico, petitions for review from the Board of Immigration Appeals' ("BIA") decision affirming without opinion an immigration judge's ("IJ") denial of his application for cancellation of removal. We have partial jurisdiction pursuant to 8 U.S.C. § 1252 and we review constitutional issues de novo, *see Ram v. INS*, 243 F.3d 510 (9th Cir.2001). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review Abundez Huerta's contention that the Department of Homeland Security (formerly the Immigration & Naturalization Service) should have commenced proceedings against him prior to April 1, 1997, so that petitioner could apply for suspension of deportation rather than cancellation of removal. *See Jimenez–Angeles v. Ashcroft*, 291 F.3d 594, 599 (9th Cir.2002) ("We construed [8

---

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

U.S.C. § 1252(g) ], which removes our jurisdiction over "decision[s] ... to commence proceedings" to include not only a decision in an individual case *whether* to commence, but also *when* to commence, a proceeding.) (emphasis in original).

We are unpersuaded by Abundez Huerta's contention that it is a violation of equal protection to treat aliens who met the seven-year residency requirement prior to April 1, 1997 differently, based on whether proceedings were commenced against the alien before or after that date. *See Hernandez–Mezquita v. Ashcroft,* 293 F.3d 1161, 1163–65 (noting that Congress must go through a natural line drawing process and holding that the establishment of deadlines serves a rational evidentiary purpose).

PETITION FOR REVIEW DENIED in part; DISMISSED in part.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.